1 | Michele Ballard Miller (SBN 104198)
    *mbm@millerlawgroup.com*
2 | Gregory F. Fortescue (SBN 249133)
    *gff@millerlawgroup.com*
3 | MILLER LAW GROUP
    A Professional Corporation
4 | 111 Sutter Street, Suite 700
    San Francisco, CA 94104
5 | Tel. (415) 464-4300
    Fax (415) 464-4336
6 |
    Attorneys for Defendant
7 | GEICO GENERAL INSURANCE COMPANY

8 |

9 |                    UNITED STATES DISTRICT COURT

10 |                   NORTHERN DISTRICT OF CALIFORNIA

11 |                      SAN FRANCISCO DIVISION

12 |

13 | TERRY THOMAS,                          Case No.: **CV 11 3080**

14 |
              Plaintiff,          **NOTICE OF REMOVAL OF ACTION**
15 |                              **UNDER 28 U.S.C. § 1441(b) (Diversity)**
      v.
16 |

17 | GEICO GENERAL INSURANCE COMPANY,
      doing business in the State of a [sic] California   Complaint filed:  May 9, 2011
18 | and DOES 1- 100, inclusive,

19 |
              Defendant.
20 |

21 |

22 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23 |

24 |         PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

25 | Defendant GEICO GENERAL INSURANCE COMPANY ("Defendant") hereby removes to

26 | this Court the state court action described below.

27 |

28 |

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

## I.   INTRODUCTION

This case is hereby removed from state court to federal court because at the time the Complaint was filed, and at the present time, complete diversity of citizenship exists between the parties to this action and the alleged amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

## II.   THE STATE COURT ACTION

On May 9, 2011, Plaintiff Terry Thomas filed a Complaint for Damages against Defendant in the Superior Court of the State of California, County of Marin, entitled *TERRY THOMAS v. GEICO GENERAL INSURANCE COMPANY, doing business in the State of a [sic] California, AND DOES 1-100, inclusive* Case No. CIV-1102349. The Complaint alleges four causes of action against Defendant including: (1) Age Discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) Wrongful Discharge and/or Tortious [sic] Constructive Discharge in Violation of Public Policy; (3) Slander; (4) Intentional Infliction of Emotional Distress. The Complaint and Summons was served by hand on Defendant's agent for service of process on May 23, 2011. A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

On June 21, 2011, Defendant filed and served its Answer to Complaint in state court, a true and correct copy of which is attached as **Exhibit B.**

In accordance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit C** and incorporated by reference are copies of the papers originally served on Defendant (except for the Complaint which is attached as **Exhibit A).**

Pursuant to 28 U.S.C. § 1146(d), Defendant shall give Plaintiff, through his

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(a) (Diversity)**
**Case No.: _____**

1   attorney of record, written notice of the filing of this Notice of Removal, and shall file written

2   notice of the filing of this Notice of Removal with the Clerk of the Superior Court of the

3   County of Marin, attaching thereto a copy of this Notice of Removal. A true and correct copy

4   of the Notice of Removal of Action to be filed with the state court is attached as **Exhibit D**.

6        No further proceedings have been had, and fewer than thirty (30) days have

7   elapsed since this action became removable to this Court. In accordance with 28 U.S.C. §

8   1446(b), this Notice is timely filed with this Court.

## III. JOINDER

12        Defendant is not aware of any other defendant having been served with a copy

13   of the Complaint.

## IV. DIVERSITY JURISDICTION

17        The state court action is a civil action over which this Court has original

18   jurisdiction under 28 U.S.C. § 1332 based on diversity jurisdiction. The state court action is

19   properly removable to this Court in that it is a civil action between citizens of different states

20   in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and

21   costs, as explained below.

23   **A.**    **The Parties' Citizenship**

25        There is complete diversity of citizenship because the operative parties,

26   Plaintiff and Defendant are citizens of different states. The only other defendants identified

27   in Plaintiff's Complaint are fictitious parties identified as "DOES I-100." The citizenship of

28   these defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a).

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

1    As of May 9, 2011, when the Complaint was filed and at all times mentioned in

2  the Complaint, Plaintiff was a citizen and resident of the State of California. *See* Complaint,

3  ¶ 1 (**Exhibit A**).

4

5    As of May 9, 2011, when the Complaint was filed, and at the present time,

6  Defendant was and is a Maryland Corporation with its principal place of business in Chevy

7  Chase, Maryland. Declaration of William C.E. Robinson in Support of Defendant's Notice of

8  Removal ("Robinson Decl."), at ¶ 2. Accordingly, Defendant was and is a citizen of

9  Maryland.[1] 28 U.S.C. § 1332(c)(1).

10

11    As of May 9, 2011, when the Complaint was filed, and at the present time,

12  Defendant was not a citizen of California, and thus complete diversity exists.

13

14  **B.    The Amount in Controversy**

15

16    The amount in controversy between the parties exceeds the minimum sum of

17  $75,000 set forth in 28 U.S.C. § 1332(a), exclusive of interest and costs. In this lawsuit,

18  Plaintiff is seeking recovery of lost earnings and other employment related benefits,

19  damages to his professional reputation, damages for alleged emotional distress, and other

20  compensatory damages as well as attorney's fees, costs and punitive damages. Complaint,

21  at ¶¶ 42-43, 49-50, 54, 57-58, Prayer for Relief, page 11. (**Exhibit A**).

22

23    Plaintiff was terminated in April, 2010. Complaint at ¶¶ 27, 33. At the time of

24

25  [1] Plaintiff named GEICO General Insurance Company as defendant in this action, but
26  Plaintiff was not employed by this entity, rather he was employed by Government
   Employees Insurance Company. Declaration of Irene Citron in Support of Defendant's
27  Notice of Removal ("Citron Decl."), at ¶ 3. Nevertheless, Government Employees Insurance
   Company, which wholly owns Defendant, is also a citizen of Maryland for diversity
28  purposes. Robinson Decl., at ¶ 3.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(a) (Diversity)**
**Case No.: _____**

1  his termination, Plaintiff earned $26.62 per hour and worked on average 38.75 hours per
2  week. Citron Decl., at ¶ 4. That yields an average of $1,031.52 per week. Plaintiff has
3  been terminated for approximately 63 weeks already. Thus we can safely assume that he
4  would seek at least $64,986 in back pay alone as of the date of removal.

6  Plaintiff is also seeking recovery of employment-related benefits. At the time
7  of termination, Plaintiff was receiving health insurance coverage for himself and his
8  dependents through Government Employees Insurance Company's group plan, and the
9  employer cost of coverage was $321.36 every two weeks. Citron Decl., at ¶ 5. Therefore,
10  as of the date of removal, the total cost of lost health insurance coverage was approximately
11  $10,123. That amount coupled with the back pay claim alone meets the jurisdictional
12  requirement.[2]

14  Punitive damages are a part of the amount in controversy in a civil action
15  where they are recoverable as a matter of law. See, Simmons v. PCR Tech., 209 F. Supp.
16  2d 1029, 1033 (N.D. Cal. 2002); Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir.
17  2001). FEHA discrimination cases may result in awards of punitive damages which meet
18  the jurisdictional threshold. See, e.g., Roby v. McKesson, 47 Cal. 4th 686 (2009).

20  Plaintiff's claim for emotional distress damages is also part of the amount in
21  controversy. See Simmons, 209 F. Supp. 2d at 1034 ("emotional distress damages in a
22  successful employment discrimination case may be substantial").

24
25  [2] In addition to health insurance coverage, Plaintiff was receiving other employer-paid
    benefits such as group term life insurance coverage and long-term care insurance
26  coverage. Citron Decl., at ¶ 6. Additionally, the Company regularly funded a pension plan in
    which Plaintiff was eligible participant during his employment. Id. It is also determined, on
27  an annual basis, whether to make discretionary contributions to a profit-sharing plan, and if
    any contribution is to be made in a particular year, the amount of that contribution. Id.
28  Plaintiff participated in this profit-sharing plan prior to his termination. Id.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(a) (Diversity)
Case No.: _____

1    Finally, Plaintiff seeks recovery of attorneys' fees.  Complaint, at ¶¶ 42, Prayer

2  for Relief, page 11. (**Exhibit A**).  Attorneys' fees are provided to a prevailing plaintiff under

3  the FEHA.   Cal. Govt. Code § 12965(b).   Courts should include in their amount in

4  controversy calculation damages and attorneys' fees that, although not yet accrued, are

5  reasonable to anticipate. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009

6  (N.D. Cal. 2002); *see also Simmons*, 209 F. Supp. 2d at 1035.

7

8    Accordingly, the amount in controversy exceeds the minimum sum of $75,000

9  set forth in 28 U.S.C. § 1332(a), exclusive of interest and costs.

10

11                            **V.  VENUE**

12

13    The Superior Court of the State of California for the County of Marin is located

14  within the Northern District of California.  Accordingly, this action is properly removed to this

15  Court.  28 U.S.C. § 84(a); Rule 3-2(d) of the Local Rules for the United States District Court

16  for the Northern District of California.

17

18    THEREFORE, Defendant gives notice that the above action, which was

19  pending in the Superior Court of the State of California, County of Marin, is hereby removed

20  to this Court.

21

22  Dated:  June 22, 2011                    MILLER LAW GROUP

23                                           A Professional Corporation

24

25                                      By: _____

26                                           Gregory F. Fortescue

27                                           Attorneys for Defendant GEICO

                                             GENERAL INSURANCE COMPANY

28

4827-6019-2009, v. 2

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a), 1441(a) (Diversity)**
**Case No.: _____**

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

Exhibit A



FILED

MAY 0 9 2011

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

1  William R. Hopkins SBN 170122
   Attorney of Law
2  1 Blackfield Drive, No. 344
   Tiburon, CA 94920
3  (Tel) (415) 435-5507
   (Fax) (415) 762-5202
4  Email: wrhopkins3@prodigy.net

5  Attorneys for Plaintiff
   TERRY THOMAS
6

7              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                     FOR THE COUNTY OF MARIN

9                                          CW 1102349

10  TERRY THOMAS                    )  Case No.:
                                    )
11          Plaintiff,              )  COMPLAINT FOR DAMAGES
                                    )
12      vs.                         )  1. AGE DISCRMINATION
                                    )  2. WRONGUL TERMINATION IN
13  GEICO GENERAL INSURANCE         )     VIOLATION OF PUBLIC POLICY;
    COMPANY, doing business in the State of a )
14  California, AND DOES 1-100, inclusive, )  3. SLANDER
            Defendant               )  4. INTENTIONAL INFLICTION OF
15                                  )     EMOTIONAL DISTRESS;
                                    )
16                                  )  DEMAND FOR JURY TRIAL
                                    )
17                                  )

18                  PRELIMINARY ALLEGATIONS

19

20  1.   Plaintiff TERRY THOMAS, a male over the age of 40, is, and at all times mentioned in

21       this complaint, a resident of MARIN COUNSY, State of California and a former

22       employee of defendant GEICO GENERAL INSURANCE COMPANY.

23  2.   Defendant GEICO GENERAL INSURANCE COMPANY, is, and at all times relevant

24       herein mentioned, a corporation doing business in the state of California, and is an

25       employee within the meaning of applicable state laws.

                    COMPLAINT FOR DAMAGES - 1

3. Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint, were acting within the course and scope of that agency and employment.

4. Plaintiff does not know the true names of defendants DOES 1 through 100, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes that DOES defendants are residents of the State of California. Plaintiff will seek leave of court to amend this complaint to set forth their true names when they are ascertained.

## GENERAL BACKGROUND FACTS

5. Plaintiff began his fulltime, permanent employment as a full-time Auto Damage Adjuster with Defendant GEICO GENERAL INSURANCE COMPANY in or about September 3, 1996.

6. At all times relevant, and at the time of his termination, Plaintiff Terry Thomas was 71 years old and within the protected category under the Fair Employment and Housing Act.

7. Plaintiff is highly experienced in his profession and has served in the automobile insurance industry as an adjustor as well as supervising adjustor, fulfilling various roles in the adjusting field for nearly fifty years.

8. In the capacity of Auto Damage Adjuster, Plaintiff was responsible for the Assigned Claims Areas originating in several North Bay Area territories, inclusive of the City of Sonoma, Solano and Napa Counties. He had previously been assigned to work in Marin and Sonoma Counties as a drive-in adjuster.

9.   Plaintiff performed competently in his position and never had a record or history of poor performance or discipline.

10.  Beginning in or around January of 2009, Plaintiff began reporting to Supervisor Claims Manager Jim Jones (under age 40).

11.  From the very beginning of Plaintiff's reporting relationship under Jones it became evident that Jones resented Plaintiff because of his age and was setting Plaintiff up for termination because of Plaintiff's age.

12.  Despite Plaintiff's record of competent performance that preceded his reporting relationship with Jones, Jones placed additional assignments upon Plaintiff comparable to that given to younger employees, under the age of 40, demanded additional documentation on claims, rentals and supplements compared to what was asked for from younger adjusters, and began to criticize and question Plaintiff's ability to complete his work in a timely manner.

13.  Geico did not allow payment for the time spent over 37.5 hours per week unless the time was requested and approved by a manager, which would have been James Jones for Plaintiff.

14.  On Drive in days, Plaintiff would call up the daily drive in assignments at approximately 7:00 am. It was clear to management that Plaintiff would be expected to work additional hours, however, to complete the assignments.

15.  Because of the pressure placed upon him to complete his work, Plaintiff was fearful of complaining that he worked additional overtime hours without compensation.

16.  Plaintiff was also fearful of taking earned vacation time. In fact, by the time of his wrongful termination, Plaintiff had accrued over 300 hours of earned vacation.

17. On November 6, 2009, Jones arbitrarily placed Plaintiff on a two month PIP (Performance for Improvement Plan) that was to begin on that date, November 6, 2009.

18. Despite this plan, however, Plaintiff was given an ambiguous set of expectations without any meaningful opportunity to meet the demands of the plan within the set time period.

19. During the last week of December 2009, Plaintiff was assigned a new Ford Fusion automobile, reflective of the fact that he was, in fact, demonstrating a good record of performance.

20. Jones issued a written warning to Plaintiff on January 4, 2010 in which Jones falsely cited Plaintiff for two prior instances wherein Jones maintained that Plaintiff was not performing sufficiently, and was causing embarrassment in connection with a matter that did not even involve clients originally assigned to Plaintiff.

21. Jones then placed Plaintiff on probation for the period beginning from January 1, 2010 through March 31, 2010.

22. When Plaintiff was placed on probation, Plaintiff was given the understanding that he would receive an evaluation at the end of that probationary period, which was to occur at the conclusion of March, 2010.

23. On or about March 23, 2010, during the final week of the probationary period, Plaintiff was contacted by Claims Manager Eric Stentz, who praised Plaintiff during the conversation for his competent performance.

24. At the conclusion of March, 2010, however, Plaintiff was advised he had not met warning guidelines and was asked to write a response to James Jones, which he did on April 1, 2010.

25. In fact, Plaintiff had felt his performance had satisfied compliance with company procedure.

26. On April 6, 2010, however, Plaintiff was contacted by Claims Supervisor Jones and instructed to come into a meeting.

27. When Plaintiff arrived at the meeting, Plaintiff was met by Jones and Claims Manager Stentz. A called was placed to Marilyn Collettie, Human Resource manager. Plaintiff was then told he was discharged.

28. Stentz and Jones stated to Plaintiff that he needed to do what they referred to as "the right thing," recommending that Plaintiff submit his resignation.

29. Plaintiff was then told, "that's how things are handled here at Geico."

30. Plaintiff informed the managers that he would not voluntarily resign and that his performance, as recognized by Stentz during the conversation in March of 2010, had been exemplary during the probationary period and there was no indication from management that he had somehow performed deficiently during the probationary period.

31. Without stating anything further, the managers then told Plaintiff that they would be riding with Plaintiff him to his home so that they could retrieve the company the car, referring to the Ford Fusion, along with his company assigned cell phone, telling Plaintiff that he would not be needing those items anymore. Plaintiff was thereby effectively terminated from his position.

32. At the time of his termination, Plaintiff had accrued 379 hours of unused vacation time, and his hourly rate of pay was $26.62 per hour.

33. Plaintiff's effective termination date was April 7, 2010.

34. Despite having had a progressive disciplinary policy, Defendant entirely skipped the steps in that policy and terminated Plaintiff in a manner inconsistent with Defendant's own internal procedures and policies.

35. Plaintiff has fully exhausted remedies by filing a charge of discrimination with the Department of Fair Employment and Housing. Plaintiff has received his right to sue letter and now timely files this action.

36. All of the foregoing and following actions taken toward Plaintiff that are alleged in this complaint were carried out by managerial employees acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff while said employees were acting partially within and partially outside of the course and scope of their employment with defendant.

## FIRST CAUSE OF ACTION:
### AGE DISCRIMINATION
**[Against DEFENDANT and DOES 1-100, Inclusive]**

37. Plaintiff realleges the information set forth in Paragraphs 1-18 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

38. The Fair Employment and Housing Act (California Government Code 129200 et seq.) is the principal California statute prohibiting employment discrimination covering employers, labor organizations, employment agencies, apprenticeship programs and any person or entity who aids, abets, incites, compels, or coerces the doing of a discriminatory act. It prohibits employment discrimination based on race or color; religion; national origin or ancestry, physical disability; mental disability or medical condition; marital status; sex or sexual orientation; age, with respect to persons over the age of 40; and pregnancy, childbirth, or related medical conditions. The FEHA also

1      prohibits retaliation against for opposing any practice forbidden by the Act or for filing a

2      complaint, testifying, or assisting in proceedings under the FEHA.

3   39.  At all times relevant to this matter, Plaintiff was an individual over 40 protected by the

4      provisions of the FEHA from unlawful age discrimination.

5   40.  Defendant treated Plaintiff differently because of his age and discriminated against

6      Plaintiff because of his age, subjecting Plaintiff to harsher disciplinary standards,

7      circumventing policy and procedures and other standards otherwise applicable to

8      employees under age 40, and implemented arbitrary disciplinary measures designed and

9      calculated to lead to Plaintiff's termination.

10

11  41.  Defendant also discriminated against Plaintiff because of his age by terminating him

12     because of his age and in contravention of policies and procedures that otherwise applied

13     to individuals under 40 or were applied in a more favorable manner to employees under

14     40 years of age.

15  42.  As a direct and proximate result of the actions of Defendants, including the

16     discrimination in the terms and conditions of his employment and the termination of

17     Plaintiff's employment, Plaintiff has suffered and will continue to economic loss, pain

18     and suffering, and extreme and severe mental anguish and emotional distress; Plaintiff

19     has further suffered and will continue to suffer a loss of earnings and other employment

20     benefits, loss of professional reputation; whereby Plaintiff is entitled to general

21     compensatory damages in amounts to be proven at trial. Plaintiff is also entitled to

22     attorneys' fees and cost.

23

24  43.  The conduct of Defendants described hereinabove was outrageous and was done with

25     malice, fraud and oppression and with conscious disregard for Plaintiff's rights and with

the intent, design and purpose of injuring Plaintiff. Defendant through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described hereinabove. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at time of trial.

**SECOND CAUSE OF ACTION:**
**WRONGFUL TERMINATION and/or TORTIOUS CONSTRUCTIVE DISCHARGE IN**
**VIOLATION OF PUBLIC POLICY**
**[Against DEFENDANT and DOES 1-100, Inclusive]**

44. Plaintiff realleges the information set forth in Paragraphs 1- 18 above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

45. Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.

46. Plaintiff is informed and believe, and based thereon alleges, that Defendants terminated Plaintiff's employment in violation of public policy of the State of California. Said actions violate the following statutes that affect society at large:

i) California Fair Employment and Housing Act

ii) California Civil Code §1709, which provides:

"One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

iii) California Business and Professions Code §§ 17200-17500 et seq. which prohibits any unlawful, unfair or fraudulent business act or practice, a false or misleading statement;

iv) All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by Defendants. Such statutes include, but are not limited to, all applicable motor vehicle regulations, consumer protection laws and truthful disclosure laws.

47. Defendant terminated Plaintiff in violation of public policy by setting him up for termination because of his age, over 40, and by retaliating against Plaintiff for reporting and complaining of practices that violated the FEHA and Labor Code, which is inclusive of his having reported and complained that he was being discriminated against because of his age; Plaintiff's immediate supervisor engaged in deceit by placing Plaintiff on a false probation, abandoning company policies and procedures more favorably applied to individuals under 40, and terminating him for engaging in employer approved conduct.

48. California Civil Code §1709, provides for civil liability against one who one who willfully deceives another with intent to induce him to alter his position to his injury or risk, California Civil Code §1710, provides civil liability against one who provides information or facts that are not true and/or likely to mislead.

49. As a direct, foreseeable, and proximate result of the actions of Defendants as described above, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits he would have received from Defendants, all to the Plaintiff's damage, in an amount unknown at this time but to be established at the time of trial.

50. Plaintiff prays for punitive damages against Defendants in an amount to be determined at the time of trial, that is sufficiently high to punish Defendants, deter them from engaging in such conduct in the future, and to make an example of them to others.

### THIRD CAUSE OF ACTION:
### SLANDER
### [Against ALL DEFENDANTS and DOES 1 through 100, Inclusive]

51. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 20 above as though set forth in full herein.

52. Following Plaintiff's termination, Defendant falsely reported to others that Plaintiff had been deficient in his performance.

53. Defendant made further negative statements concerning Plaintiff and damaging to his reputation.

54. As a proximate result of Defendants' aforementioned wrongful conduct, Plaintiff has suffered and continues to suffer economic damages, loss of income, future wage loss, loss of professional reputation, grave emotional distress, including embarrassment, humiliation, and anguish, all to Plaintiff's damage in an amount unknown at this time, but according to proof at the time of trial.

**FOURTH CAUSE OF ACTION:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**[Against ALL DEFENDANTS and DOES 1 through 100, Inclusive]**

55. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 20 above as though set forth in full herein.

56. Defendants' conduct, as thoroughly alleged above, was and is extreme and outrageous conduct amounting to intentional infliction of emotional distress, which was intended to and/or was done in conscious disregard of the probability of causing Plaintiff to suffer severe emotional distress.

57. As a proximate result of Defendants' aforementioned wrongful conduct, Plaintiff has suffered and continues to suffer grave emotional distress, including embarrassment, humiliation, and anguish, all to Plaintiff's damage in an amount unknown at this time, but according to proof at the time of trial.

58. Defendants' conduct was willful, wanton, malicious, and with reckless disregard for the rights of Plaintiff so as to justify an award of exemplary and punitive damages.

COMPLAINT FOR DAMAGES - 10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in their favor and against

Defendants as follows:

1. For general and compensatory damages, including prejudgment interest, in an

amount according to proof at trial;

2. For costs and reasonable attorney's fees and expenses of suit (were allowed by

law);

4. For punitive damages where allowed by law;

4. Prejudgment interest on all amounts claimed; and

5. Such other and further relief as the court considers just and proper, including but

limited to a declaration of rights.

DATED: April 2, 2011

WILLIAM HOPKINS
ATTORNEY FOR PLAINTIFF,
TERRY THOMAS

### DEMAND FOR JURY TRIAL

Plaintiffs herein request a trial by jury on all matters as of right.

DATED: April 2, 2011

WILLIAM HOPKINS
ATTORNEY FOR PLAINTIFF

Exhibit B

1  Michele Ballard Miller (SBN 104198)
   *mbm@millerlawgroup.com*
2  Gregory F. Fortescue (SBN 249133)
   *gff@millerlawgroup.com*
3  MILLER LAW GROUP
   A Professional Corporation
4  111 Sutter Street, Suite 700
   San Francisco, CA 94104
5  Tel. (415) 464-4300
   Fax (415) 464-4336
6
   Attorneys for Defendant
7  GEICO GENERAL INSURANCE COMPANY

8

FILED

JUN 2 1 2011

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: J. Chen, Deputy*

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF MARIN

11

12  TERRY THOMAS,                        Case No.: CIV 1102349

13
              Plaintiff,                **DEFENDANT'S  DENIAL AND**
14                                       **AFFIRMATIVE DEFENSES**

15  v.

16  GEICO GENERAL INSURANCE COMPANY,
    doing business in the State of a [sic]   Complaint filed:  May 9, 2011
17  California, AND DOES 1-100, inclusive,

18
              Defendants.
19

20          Defendant GEICO GENERAL INSURANCE COMPANY ("Defendant") hereby

21  answers Plaintiff TERRY THOMAS' ("Plaintiff") Complaint as follows:

22

23                          **GENERAL DENIAL**

24

25          Pursuant to Section 431.30(d) of the California Code of Civil Procedure,

26  Defendant hereby answers Plaintiff's Complaint by generally denying each and every

27  allegation contained therein.  Defendant further denies that Plaintiff has been damaged in

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

1   any sum whatsoever, or that Plaintiff is entitled to the relief requested or any other relief, or

2   that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or

3   negligence on the part of Defendant, or by reason of any act, omission, or negligence on the

4   part of any of Defendant's agents, servants, or employees.  Defendant further denies that it

5   is liable to Plaintiff under any theory, including, without limitation, the theories of liability

6   asserted in the Complaint.

7

8                            **AFFIRMATIVE DEFENSES**

9

10          Defendant alleges the affirmative defenses set forth herein as to each and

11  every cause of action and claim for relief asserted in the Complaint unless specified

12  otherwise.  By pleading these affirmative defenses, Defendant does not assume the burden

13  of proving any fact, issue or element of a cause of action where such burden belongs to

14  Plaintiff.

15

16          The Complaint is vague, ambiguous, indefinite and uncertain.  Therefore,

17  Defendant reserves the right to amend or supplement the affirmative defenses asserted

18  herein, and to present evidence supportive of different or additional defenses, upon

19  ascertaining the specific nature of the claims asserted by Plaintiff against Defendant.

20

21                           **FIRST AFFIRMATIVE DEFENSE**

22                              **(Failure to State a Claim)**

23

24          Plaintiff's Complaint, and/or each purported cause of action therein, fails to

25  state a claim upon which relief can be granted.

26

27

28

**DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES**
**Case No.: CIV1102349**

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations, including but not limited to, California Code of Civil Procedure §§ 335.1, 338 and 343, California Government Code §§12960 and 12965(b), as well as any other statutes that include applicable time bars, because if the harm he alleges occurred (which Defendant denies), such harm occurred outside the time allowed by these statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Failure To Exhaust Administrative Remedies)

Defendant is informed and believes and thereon alleges that Plaintiff failed to exhaust his administrative remedies with the California Department of Fair Employment and Housing and/or the United States Equal Employment Opportunity Commission, and/or rely on allegations that were not contained in a timely complaint filed with the California Department of Fair Employment and Housing and/or the United States Equal Employment Opportunity Commission.  *See* Cal. Gov't Code §§ 12960, 12965; *see also Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th 1718, 1724.

## FOURTH AFFIRMATIVE DEFENSE

### (Subject Matter Jurisdiction)

The Court lacks subject matter jurisdiction over any discrimination, harassment and/or retaliation claims and allegations in the Complaint which are not contained in a timely administrative charge filed by Plaintiff with the California Department of Fair Employment and Housing and/or the federal Equal Employment Opportunity Commission.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

## FIFTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

Plaintiff was Defendant's employee and alleges he was injured as a result of his employment. Defendant had workers' compensation insurance or was self-insured for workers' compensation claims at the time of Plaintiff's alleged injury or injuries. Therefore, if Plaintiff has suffered any physical and/or emotional injury related to his work for Defendant, his exclusive remedy for such injury is provided by California Labor Code § 3200, *et seq.*.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith / Legitimate Business Reasons)

Plaintiff's claims are barred, in whole or in part, because all the actions and conduct by Defendant about which Plaintiff complains would have been made or taken regardless of any wrongful conduct alleged, were made without oppression, fraud or malice and were made in good faith for just, fair, privileged, justified, non-harassing, non-discriminatory, non-retaliatory and legitimate business reasons, based on all relevant facts and circumstances known by Defendant at the time it acted.

## SEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff is barred from any recovery because Defendant had in place and implemented in good faith, policies, procedures and other measures that were reasonably designed to prevent workplace discrimination, harassment and retaliation, Plaintiff unreasonably failed to invoke those measures or take other corrective actions regarding any perceived discrimination, harassment or retaliation, and to the extent Plaintiff suffered any harm (which Defendant denies), the reasonable use of such policies, procedures and other

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

1 | measures would have prevented some or all of that harm.

### EIGHTH AFFIRMATIVE DEFENSE

**(Laches)**

Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

**(Waiver and Estoppel)**

Defendant is informed and believes and thereon alleges that Plaintiff, by his acts and omissions, has waived and is estopped and barred from alleging the matters set forth in his Complaint.

### TENTH AFFIRMATIVE DEFENSE

**(Doctrine of Unclean Hands)**

Defendant is informed and believes and thereon alleges that Plaintiff is barred from any relief by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Defendant is informed and believed and thereon alleges that Plaintiff's claims are barred, in whole or in part, to the extent he has failed to exercise reasonable diligence to mitigate his damages alleged in the Complaint. The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery:

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

1   To the extent Plaintiff is seeking to recover lost wages, Plaintiff could, by diligence, have
2   found and retained employment substantially similar to his employment with Defendant.
3   Plaintiff failed and refused to act with sufficient diligence to find other employment.  Plaintiff
4   also has failed and refused and continues to fail and refuse to exercise a reasonable effort
5   to retain any employment that he has secured.  Plaintiff therefore has failed to mitigate his
6   damages.

7

8                       **TWELFTH AFFIRMATIVE DEFENSE**
9                    **(Failure to State a Claim – Punitive Damages)**
10

11          Defendant alleges that Plaintiff's claim for punitive damages fails to state a
12   claim under California Civil Code § 3294.

13

14                      **THIRTEENTH AFFIRMATIVE DEFENSE**
15                         **(After Acquired Evidence)**
16

17          Plaintiff's claims are barred, in whole or in part, to the extent Defendant has
18   discovered, or will discover, additional evidence indicating that Plaintiff has engaged in
19   conduct before or while Plaintiff was employed by Defendant that precludes or limits his
20   assertion of the claims for relief and/or damages presented in the Complaint.

21

22                      **FOURTEENTH AFFIRMATIVE DEFENSE**
23                          **(Vexatious Claim)**
24

25          Plaintiff's maintenance of this action is without foundation, vexatious, and
26   unreasonable, entitling Defendant to an award of attorneys' fees in the matter.

27

28

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### (Consent)

3

4        Defendant alleges that Plaintiff's claim for punitive damages fails to state a

5   claim under California Civil Code § 3294.

6

7

## SIXTEENTH AFFIRMATIVE DEFENSE

8

### (Truth)

9

10       As a separate and affirmative defense to Plaintiff's Third Cause of Action as set

11  forth in his Complaint, Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff

12  is barred from recovery on the ground that the statements alleged to be slanderous or

13  defamatory are true.

14

15

## SEVENTEENTH AFFIRMATIVE DEFENSE

16

### (Privileged Statements)

17

18       As a separate and affirmative defense to Plaintiff's Third Cause of Action as

19  set forth in his Complaint, Defendant denies that it published, ratified or authorized any of

20  the alleged defamatory or slanderous statements attributed to it in the Complaint, but, if it

21  should be determined otherwise, then Defendant alleges, upon information and belief, that

22  such statements were privileged under California Civil Code section 47, subsections (b)

23  and/or (c), and made without malice.

24

25

26

27

28

**DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES**
**Case No.: CIV1102349**

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(ERISA Preemption under 514(a))**

As a separate and affirmative defense to Plaintiff's First and Second Causes of Action as set forth in his Complaint, Defendant alleges that, to the extent Plaintiff contends that Defendant made employment-related decisions that were unlawfully based upon or affected by determination(s) of eligibility for benefits under a plan regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, or were motivated by a desire to prevent the attainment of such benefits under an ERISA-regulated plan, these causes of action are preempted by federal law (ERISA).

### NINETEENTH AFFIRMATIVE DEFENSE

**(ERISA Preemption under § 502(a))**

As a separate and affirmative defense to Plaintiff's First and Second Causes of Action as set forth in his Complaint, Defendant alleges that, to the extent that the "job benefits" and "other employment benefits" that Plaintiff(s) seek to recover in this action (*See* Plaintiff's Complaint, at ¶¶ 42, 49) include any benefits allegedly due or the clarification of rights under a plan regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et. seq.*, the Complaint, and/or each purported cause of action therein, is preempted by federal law (ERISA).

### TWENTIETH AFFIRMATIVE DEFENSE

**(Not Employer)**

As a separate and affirmative defense to Plaintiff's First and Second Causes of Action as set forth in his Complaint, Defendant is not liable to Plaintiff on any of these alleged claims for relief to the extent that Defendant was not, at the time of the alleged

8

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

wrongful conduct, the employer of Plaintiff.

## **RESERVATION OF RIGHTS**

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by this action;

2. That the Complaint be dismissed in its entirety with prejudice, and judgment entered in favor of Defendant;

3. That Defendant be awarded its costs of suit;

4. That Defendant be awarded its attorneys' fees according to proof; and

5. That the Court award Defendant such other and further relief as the Court may deem proper.

Dated:  June 21, 2010

MILLER LAW GROUP
A Professional Corporation


By: _____
Gregory F. Fortescue
Attorneys for GEICO GENERAL
INSURANCE COMPANY

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES
Case No.: CIV1102349

## PROOF OF SERVICE

I, Cheryl Bower, declare that I am employed at Miller Law Group, A Professional Corporation, whose address is 111 Sutter Street, Suite 700, San Francisco, CA 94104; I am over the age of eighteen (18) years and am not a party to this action.  On the below date, by the method noted below, I served the following document(s):

### DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

William R. Hopkins                                    Attorney for Plaintiff:  *TERRY THOMAS*
Attorney at Law
1 Blackfield Drive, No. 344
Tiburon, CA  94920

Tel:  (415) 435-5507
Fax:  (415) 762-5202
Email:  *wrhopkins3@prodigy.net*

☒    **BY MAIL:**    By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing on this date at Miller Law Group, 111 Sutter Street, San Francisco, California. I declare that I am readily familiar with the business practice of Miller Law Group for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 21, 2011 at San Francisco, California.

*Cheryl Bower*
Cheryl Bower

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

Exhibit C

 **CT Corporation**

**Service of Process Transmittal**
05/23/2011
CT Log Number 518563206

**TO:** Shawn Alfred Burklin
GEICO Casualty Company
14111 Danielson Street
Poway, CA 92064-6886

**RE:** **Process Served in California**

**FOR:** GEICO General Insurance Company (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Terry Thomas, Pltf. vs. Geico General Insurance Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint |
| **COURT/AGENCY:** | Marin County, Superior Court, CA<br>Case # CIV1102349 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination on the basis of age |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/23/2011 at 15:05 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | William R. Hopkins<br>1 Blackfield Drive<br>No. 344<br>Tiburon, CA 94920<br>415-435-5507 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 794789787762 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

RECEIVED
MAY 2 5 2011
S. Burklin

Page 1 of 1 / DA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

5·22·11 copy
2:25

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**

MAY 0 9 2011

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: T. Fraguero, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GEICO GENERAL INSURANCE COMPANY, doing business in the
State of a California, AND DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Terry Thomas

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Marin County Superior Court, 3501 Civic Center Drive
San Rafael, California 94903

CASE NUMBER:
*(Número del Caso):*

**CIV 1 1 0 2 3 4 9**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

William Hopkins, Attorney, 1 Blackfield Drive, #344, Tiburon, CA 94920 (415) 435-5507

DATE: MAY 0 9 2011
*(Fecha)*

Clerk, by **KIM TURNER** , Deputy
*(Secretario)* **T. FRAGUERO** *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Geico General Insurance Company, doing business in the State of California

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>William Hopkins, SBN 170122<br>1 Blackfield Drive, #344<br>Tiburon, CA 94920<br><br>TELEPHONE NO.: 415 435-5507     FAX NO.: 415 762-5202<br>ATTORNEY FOR *(Name):* Terry Thomas | **FOR COURT USE ONLY**<br><br><br>MAY 0 9 2011 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Marin**
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael, California 94903
BRANCH NAME:

CASE NAME:
Terry Thomas v. Geico General Insurance Company, et al

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER:<br>CIV **1 1 0 2 3 4 9** |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | DEPT: | JUDGE: ᴺopal<br>DEPT: 5 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35)<br>**Employment**<br>[✓] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/inverse condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26)<br>**Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive

4. Number of causes of action *(specify):* 4

5. This case [ ] is  [✓] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: April 2, 2011

William Hopkins, Attorney
_____
(TYPE OR PRINT NAME)                             ▶  *William Hopkins* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit D

1  Michele Ballard Miller (SBN 104198)
     *mbm@millerlawgroup.com*
2  Gregory F. Fortescue (SBN 249133)
     *gff@millerlawgroup.com*
3  MILLER LAW GROUP
   A Professional Corporation
4  111 Sutter Street, Suite 700
   San Francisco, CA 94104
5  Tel. (415) 464-4300
   Fax (415) 464-4336
6
   Attorneys for Defendant
7  GEICO GENERAL INSURANCE COMPANY

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     MARIN COUNTY SUPERIOR COURT

11

12 | TERRY THOMAS,                          | Case No.: CIV-1102349
13 |                                        |
14 |            Plaintiff,                  | **NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT**
15 | v.                                     |
16 |                                        |
17 | GEICO GENERAL INSURANCE COMPANY, doing business in the State of a [sic] California and DOES 1- 100, inclusive, |
18 |                                        | Complaint filed:  May 9, 2011
19 |            Defendant.                  |

20

21 TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF

22 RECORD:

23

24        PLEASE TAKE NOTICE THAT on June 22, 2011, Defendant GEICO

25 GENERAL INSURANCE COMPANY ("Defendant") filed in the United States District Court

26 for the Northern District of California its Notice of Removal of Action under 28 U.S.C. §

27

28

                                          1
   NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT
                              Case No.: CIV-1102349

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

1 | 1441(a) (Diversity).  A copy of that Notice of Removal is attached to this Notice as **Exhibit**

2 | **1**, and is served and filed herewith.

3 |

4 |     PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the

5 | filing of said Notice of Removal of Action in the United States District Court, together with

6 | the filing of this Notice to the Superior Court and Adverse Party, effects the removal of this

7 | action, and that this Court is directed to "proceed no further unless and until the case has

8 | been remanded."  28 U.S.C. § 1446(d).

9 |

10 | Dated:  June 22, 2011        MILLER LAW GROUP

11 |               A Professional Corporation

12 |

13 |             By: _____

14 |               Gregory F. Fortescue

              Attorneys for Defendant GEICO

15 |               GENERAL INSURANCE COMPANY

16 |

17 |

18 | 4827-4518-4265, v.  1

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
SAN FRANCISCO, CALIFORNIA

NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.: CIV-1102349